UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In the Matter of:　　　　　　　　　　　　}
CARLA PARKER　　　　　　　　　　　　}　　CASE NO. 11-83458-JAC-13
SSN:　XXX-XX-7797　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　　　}　　CHAPTER 13
　　　　　　　　　Debtor(s).　　　　　　}

**MEMORANDUM OPINION**

On March 12, 2012, this case came before the Court on trustee's objection to proof of claim filed by Claude F. and Patricia Kinder, c/o Mario J. Zappia, attorney at law on the grounds that the claimant failed to provide an itemized statement of interest, fees, expenses, or charges incurred before the petition was filed. The trustee seeks an order striking the claim to the extent it fails to comply with Bankruptcy Rule 3001(c)(2)(D)(ii).

As amended effective December 1, 2011, Bankruptcy Rule 3001(c) reads as follows:

(c) Supporting Information

(1) Claim Based on a Writing

When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

(2) Additional Requirements in an Individual Debtor Case: Sanctions for Failure to Comply

In a case in which the debtor is an individual:

**(A)** If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

\* \* \* \*

**(D)** If the holder of a claim fails to provide any information required by this subdivision (c), the court **may**, after notice and hearing, take either or both of the following actions:

> **(i)** preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> **(ii)** award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

(emphasis added)

The Committee Notes accompanying the 2011 amendments explain that subparagraph (D) sets forth sanctions that the court may impose on a creditor that fails to provide the additional information required by subdivision (c) when the creditor seeks to recover interest, fees, expenses, or other charges, in addition to the principal amount of the debt. Fed. R. Bankr. P. 3001 advisory committee's note. The Advisory Committee recognized that "[f]ailure to provide the required documentation does not itself constitute a ground for disallowance of a claim." Fed. R. Bankr. P. 3001 advisory committee's note. A claim can be disallowed only if it comes within one of the grounds for disallowance under § 502(b). The Advisory Committee explained that bankruptcy courts retain discretion to allow an amendment to a proof of claim under appropriate circumstances.

In a case predating the 2011 amendment, *Willis v. North Star Capital Acquisitions, LLC (In re Willis),* 2010 WL 5463066 (Bankr. N.D. Ga.), the bankruptcy court recognized that courts may look to the debtor's schedules to resolve an objection to proof of claim based upon lack of documentation. In *Willis*, the debtor challenged a creditor's proof of claim on the basis that the creditor failed to attach the requisite writing in support of its claim and that the proof of claim failed to show that the creditor was the proper party for the claim because there was insufficient documentation to demonstrate transfers from the original creditor. Even if the attached documentation to a proof of claim is insufficient under Bankruptcy Rule 3001, the court explained that the claim under § 502(b) only loses its prima facie validity. Such a deficiency does not create

a basis for disallowing the claim and the court may use the bankruptcy record to provide indicia of a claim's validity. The court overruled the objection finding that there were striking similarities between the debtors' admissions and the proof of claim. The claim was sufficiently verified by the debtors' own schedules, thus, the court refused to disallow the claim on a technical objection where the claim was otherwise admittedly valid.

In the case at bar, Claude F. and Patricia Kinder, c/o Mario J. Zappia, attorney at law filed an unsecured claim in the amount of $37,750.39. On Schedule F - creditors holding unsecured nonpriority claims, the debtor listed a debt to Claude Kinder for $37,750.00. The debtor did not list the debt as disputed. Accordingly, the Court finds that the claim is sufficiently verified by the debtor's own schedules.

Based upon the forgoing, the Court finds that the trustee's objection to the claim of Claude F. and Patricia Kinder, c/o Mario J. Zappia, attorney at law is due to be overruled. A separate order will be entered consistent with this opinion.

Done and Ordered this day March 13, 2012

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

xc:  Debtor(s)
     Stephen G. Campbell, attorney for debtor(s)
     creditor
     Philip A. Geddes, trustee